NUMBER 13-02-523-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

___________________________________________________________________


STEPHEN ROCHA , Appellant,



v.



THE STATE OF TEXAS , Appellee.

___________________________________________________________________


On appeal from the 117th District Court

of Nueces County, Texas.

__________________________________________________________________



MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Rodriguez and Castillo

Opinion by Justice Rodriguez




 Appellant, Stephen Rocha, was found guilty of aggravated assault. The trial court assessed punishment at
five years in the Texas Department of Criminal Justice, Institutional Division and assessed a fine of $5,000. 
The trial court has certified that this case "is not a plea-bargain case, and the defendant has the right of
appeal." See Tex. R. App. P. 25.2(a)2). By one point of error, Rocha contends the trial court erred by
allowing a witness to testify in violation of "the Rule." See Tex. R. Evid. 614. We affirm.

 As this is a memorandum opinion not designated for publication and the parties are familiar with the facts, we
will not recite them here. See Tex. R. App. P. 47.4.

I. Standard of Review

 A trial court's decision to allow testimony from a witness who has violated "the Rule" is reviewed under an
abuse of discretion standard. See Bell v. State, 938 S.W.2d 35, 50 (Tex. Crim. App. 1996). In reviewing the
trial court's decision to allow the testimony, we look to whether the defendant was harmed or prejudiced by
the witness's testimony. See Ladd v. State, 3 S.W.3d 547, 566 (Tex. Crim. App. 1999); Bell, 938 S.W.2d at
50.

 The purpose of "the Rule" is to prevent witnesses from altering their testimony after hearing other witnesses'
testimony. See Routier v. State, No. 72,795, 2003 Tex. Crim. App. LEXIS 92, at *99 (May 21, 2003); Bell,
938 S.W.2d at 50. In reviewing the trial court's decision to allow the testimony, the test for determining injury
or prejudice because of a violating witness's presence during other witnesses' testimony is a two-prong test. 
See Bell, 938 S.W.2d at 50. The test measures: (1) whether the violating witness actually conferred with or
heard testimony of other witnesses; and (2) whether the violating witness's testimony contradicted testimony
of a witness from the opposing side or corroborated testimony of a witness she had conferred with or heard. 
Id.

II. Analysis

 By his sole point of error, Rocha contends the trial court abused its discretion by allowing a witness who had
violated "the Rule" to testify.

 To preserve error for appeal, Rocha must show that he both timely objected and obtained a ruling from the
trial court, otherwise any error is waived. Tex. R. App. P. 33.1;see Moore v. State, 999 S.W.2d 385, 403
(Tex. Crim. App. 1999). In this instance, the State called Mandy Bunn to testify during the punishment phase
of Rocha's trial. Rocha initially objected to her testimony because Bunn had been present in the courtroom
during the guilt/innocence phase of the trial in violation of "the Rule." Rocha did not pursue a ruling to his
objection at this time. Later, during Bunn's testimony, Rocha again objected and obtained a ruling. Because
Rocha failed to obtain a ruling until Bunn had already provided testimony in violation of "the Rule," Rocha
failed to make a timely objection. See Tex. R. App. P. 33.1; see also Moore, 999 S.W.2d at 403. Thus, we
find that this argument is not properly presented for review. Tex. R. App. P. 33.1; see Moore, 999 S.W.2d at
403.

 Morever, it is uncontested that Bunn heard testimony in violation of "the Rule." However, the testimony
Bunn heard neither corroborated nor contradicted her testimony. Bunn simply explained her impressions of
the victim after the assault and her experiences with the victim. Bunn's testimony was not contradicted by
Rocha's witnesses and Rocha does not point out any harmful corroboration between Bunn and the other
witnesses called by the State. Therefore, we hold that the trial court's decision to allow Bunn to testify in
violation of "the Rule" did not substantially harm or prejudice Rocha's rights. See Ladd, 3 S.W.3d at 566;
Bell, 938 S.W.2d at 50. Thus, the trial court did not abuse its discretion in allowing Bunn's testimony. See
Ladd, 3 S.W.3d at 566;Bell, 938 S.W.2d at 50. Appellant's point of error is overruled. 

 Accordingly, we affirm the judgment of the trial court.



NELDA V. RODRIGUEZ

Justice



Do not publish .

Tex. R. App. P. 47.2(b).



Opinion delivered and filed

this 14th day of August, 2003.